IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DENNIS JOBE**                                                                              **PETITIONER**

**V.**                                                                            **NO. 4:20-CV-36-DMB-DAS**

**MARSHAL TURNER**                                                       **DEFENDANT**

**ORDER**

     Dennis Jobe's petition for a writ of habeas corpus is before the Court on the State's motion to dismiss. Because Jobe's petition is untimely, the motion will be granted.

**I**
**Procedural History**

     On February 7, 2011, after being convicted of aggravated assault in the Circuit Court of DeSoto County, Mississippi, Dennis Jobe was sentenced to twenty years in prison as a habitual offender under Miss. Code Ann. § 99-19-81. Doc. #7-2. The Mississippi Court of Appeals affirmed his conviction and sentence on September 18, 2012. *Jobe v. State*, 97 So. 3d 1267, 1271 (Miss. Ct. App. 2012). After Jobe failed to timely seek rehearing, the Mississippi Court of Appeals issued a mandate on October 9, 2012. Doc. #8-6 at PageID 713.

     On or about November 1, 2012, Jobe filed a "Motion for Extension of Time to File Motion for Rehearing." *Id.* at PageID 710. On November 9, 2012, the Mississippi Court of Appeals dismissed the motion as untimely. *Id.* at PageID 709. Over a year later, Jobe filed a motion seeking a sixty-day extension to file a writ of certiorari. *Id.* at PageID 706. The Mississippi Court of Appeals, on December 18, 2013, denied the motion as untimely because the mandate had already issued. *Id.* at PageID 705.

On or about September 25, 2018, Jobe filed an "Application for Leave to Proceed in the Desoto County Circuit Court with Motion under the Post Conviction Collateral Relief Act Pursuant to MCA §99-39-1." Doc. #8-8 at PageID #881. On January 9, 2019, the Mississippi Supreme Court denied the application because Jobe's proposed arguments of "ineffective assistance of trial counsel" and "illegal sentence" were time-barred and waived. *Id.* at PageID 874. The panel also found that Jobe's ineffective assistance of counsel claim "fail[ed] to meet the requisite prongs of deficient performance and prejudice provided in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* (emphasis and citation omitted).

On or about January 18, 2019, Jobe filed a "Petition for Rehearing" seeking reconsideration of the Mississippi Supreme Court order. *Id.* at PageID 846. Finding that Jobe was not entitled to reconsideration under the Mississippi Rules of Appellate Procedure, Mississippi Supreme Court Justice Josiah Dennis Coleman denied the petition on February 8, 2019. *Id.* at PageID 826.

On or about March 5, 2019, Jobe filed a "Petition for Writ of Certiorari," again requesting leave "to proceed to the trial Court with his Post-Conviction Motion." *Id.* at PageID 823–24. One week later, Justice Coleman denied the petition, noting that the petition sought reconsideration of the January 9 order and Jobe was not entitled to reconsideration. *Id.* at PageID 822.

On or about March 1, 2020, Jobe filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. The petition alleges that Jobe (1) "was prejudiced by Counsel's advice to reject the State's offer of a plea in exchange for a six (6) year sentence," and (2) "received an illegal sentence as a result of two (2) seperate [sic] bifurcated hearings." *Id.* at 4–5.

On April 6, 2020, United States Magistrate Judge David A. Sanders directed the State to respond to the petition. Doc. #4. On June 17, 2020, the State filed a motion to dismiss. Doc. #7.

2

Jobe filed a "Rebuttal to Respondent's Motion to Dismiss Pursuant to § 2244(d)," Doc. #9, to which the State replied, Doc. #10. Approximately two weeks after the reply, Jobe filed "Petitioner's Answer to Respondent's Motion to Dismiss-Doc. #10." Doc. #11.[1]

## II
## Analysis

The State asserts that Jobe's petition "is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ('AEDPA')." Doc. #7 at 2.

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2). When a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely … unless the one-year … period was interrupted as

---

[1] This filing is in substance an unauthorized surreply to the motion to dismiss. However, insofar as Jobe is proceeding pro se and the filing helps to clarify Jobe's argument regarding his mental health, the Court considers it. *See Riggs v. Boeing Co.*, 12 F. Supp. 2d 1215, 1218 (D. Kan. 1998).

set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F. Supp. 2d 714, 717 (E.D. La. 2007); or "rare and exceptional circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000).

### A. Final Judgment

For purposes of § 2244(d)(1)(A) review, the judgment becomes final "when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Following affirmance of a conviction by the Mississippi Court of Appeals, a defendant has fourteen days to seek rehearing. Miss. R. App. P. 40(a). A defendant may not seek a writ of certiorari without seeking rehearing first. Miss. R. App. P. 17(b). Thus, when a defendant fails to seek rehearing, his conviction is deemed final fourteen days after the Mississippi Court of Appeals' affirmance of the conviction. *See, e.g., Tanner v. King*, No. 1:13–cv–232, 2014 WL 1094872, at *3 n.3 (S.D. Miss. Mar. 19, 2014) ("Tanner never filed a motion for rehearing, and therefore could not have sought a writ of certiorari. His conviction became final, therefore, at the conclusion of the fourteen-day period for seeking rehearing in the Mississippi Court of Appeals.").

Because he did not timely file his motion for rehearing, Jobe's conviction and sentence became final on October 2, 2012. Under the AEDPA's one-year statute of limitations provision, Jobe's federal habeas petition was due October 2, 2013. Since he did not file his petition until March 1, 2020, it is time-barred unless § 2244(d)(2) applies or the Court finds that rare and exceptional circumstances justify equitable tolling.

### B. Statutory Tolling

Because Jobe did not submit his application for leave to seek state post-conviction relief until September 25, 2018—well after the deadline for his federal habeas petition—he is not entitled

4

to statutory tolling. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) ("Because his state habeas petition was not filed within the one-year period, it did not statutorily toll the limitation clock.").

### C. Equitable Tolling

In response to the motion to dismiss, Jobe asserts that "[m]ental illness is key to Jobe's delay in exhaustion of his claim" because "he cannot grasp such awarness [sic] of avenues as intricate as the science of law," and that he "has been diligent in his efforts to comprehend the necessary demands, gather medical records, and other materials to argue his claim without counsel." Doc. #9 at 2. He argues that his "struggles with competency" are extraordinary circumstances which justify equitable tolling. *Id.* at 3.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "To establish his entitlement to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *In re Johnson*, 935 F.3d 284, 296 (5th Cir. 2019) (cleaned up).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Palacios*, 723 F.3d at 604. "Whether diligence is reasonable is an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance." *Id.* at 605 (internal quotation marks omitted).

Jobe did not seek any post-conviction relief for over five years after his conviction became final. Thus, the Court cannot say that he acted diligently in pursuing his rights.

5

Additionally, Jobe has not shown that extraordinary circumstances prevented him from timely filing his petition. "[W]hile mental illness *may* toll AEDPA's statute of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). "[A] petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Conclusory assertions that mental illness prevented a timely pursuit of relief do not entitle a petitioner to equitable tolling. *Kelly*, 301 F. App'x at 377–78. Though Jobe provided records[2] dated before his trial documenting his mental illness, he has not shown that his illness prevented him from filing his petition.[3]

Because Jobe has failed to diligently pursue his rights and has failed to establish that extraordinary circumstances prevented him from timely filing his petition, he is not entitled to equitable tolling.

### D. Hearing Request

In his petition, Jobe requests "a hearing for the purpose of proving beyond a doubt that the evidence used to convict Jobe as a habitual [offender] is not sufficient." Doc. #1 at 8. "When a habeas petitioner requests an evidentiary hearing, district courts have discretion over whether to grant one." *Murphy v. Davis*, 901 F.3d 578, 590 (5th Cir. 2018). "A district court does not abuse its discretion when denying an evidentiary hearing if it had sufficient facts before it to make an informed decision on the merits." *Id.* (internal quotation marks omitted). The record here shows that Jobe's petition is time-barred so there is no need for a hearing.

---

[2] *See* Doc. #1 at PageID 14–24.

[3] Jobe's argument that he was unable to timely file his petition is further contradicted by his filing of a "Motion for Extension of Time to File Motion for Rehearing" in the state court in the same relevant time frame. Doc. #8-6 at PageID 710.

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

The State's motion to dismiss [7] is **GRANTED**. Jobe's petition for a writ of habeas corpus [1] is **DISMISSED with prejudice** as untimely filed. A certificate of appealability is **DENIED**.

**SO ORDERED**, this 12th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**